GENESEE LAND CORPORATION v LEON ALLEN & ASSOCIATES

1. ZONING—TOWNSHIP—ORDINANCE—UNLAWFUL SECTION—SEVER-
   ANCE—ENFORCEMENT OF REMAINDER.

   A section of a township zoning ordinance which provides for
   rezoning from a residential suburban agricultural district to
   "M-1, light manufacturing district, restricted, however, to con-
   struction of and use as a warehouse for wholesale grocery
   purposes" is held valid after the unlawful restrictive language
   which is held invalid surplusage is severed from the section
   (MCLA 125.271 *et seq.;* Flint Township Zoning Ordinance No.
   42, Section 4).

2. MUNICIPAL CORPORATIONS—ORDINANCE—UNLAWFUL SECTION—EN-
   FORCEMENT OF REMAINDER.

   The portion of an ordinance held valid after an unlawful section
   is deleted from the ordinance may be enforced if it constitutes,
   in itself, a complete enactment; if invalid or unconstitutional
   language can be deleted from an ordinance and still leave it
   complete and operative then the remainder of the ordinance
   may be permitted to stand.

3. ZONING—ORDINANCE—MOBILE HOME PARKS—LOWER ZONED DIS-
   TRICT—HIGHER ZONED DISTRICT.

   Mobile home parks that are permitted by a zoning ordinance to
   be in a general commercial district are allowed in a light
   manufacturing district, where the ordinance is a pyramid type
   which permits any use in a "lower" zoned district that is
   permitted in a "higher" zoned district.

4. ZONING—ORDINANCE—TOWNSHIP BOARD OF APPEALS—ADMINISTRA-
   TION—STATUTES.

   A township board of appeals has the statutory power and duty to
   decide questions arising in the administration of a zoning
   ordinance (MCLA 125.290).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Zoning § 15.
[3, 5] 58 Am Jur, Zoning § 63.
[4] 58 Am Jur, Zoning § 195 *et seq.*

5. ZONING—ORDINANCE—MOBILE HOME PARKS—COMMERCIAL USE—
RESIDENTIAL USE.

A trial court did not err in holding that, within the context and
meaning of a certain township zoning ordinance, a trailer park
is to be considered a commercial rather than a residential use
and, hence, not prohibited by the light manufacturing district
section of the ordinance which permits "any use permitted in
the general commercial district, except for residential uses".

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 3, 1973, at Lansing. (Docket No. 14048.) Decided October 31, 1973.

Complaint by Genesee Land Corporation against Leon Allen and Associates, and Leon R. Allen, for injunctive and declaratory relief against the construction of a mobile home park by defendants. Summary judgment for defendants. Plaintiff appealed. Remanded for further hearing on newly-discovered evidence. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Pelavin & Pelavin, P. C.* (by *Edward H. Powers),* for plaintiff.

*William R. McTaggert,* for defendants.

Before: McGREGOR, P. J., and BRONSON and CAR-LAND,* JJ.

McGREGOR, P. J. In this zoning case, plaintiff sought injunctive and declaratory relief against the anticipated construction of a mobile home park by defendants. Plaintiff alleged that construction of the park would violate the local Flint Township Zoning Ordinance. A summary judgment in defendants' favor was entered by the trial court on June 27, 1969, and appealed to this Court.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In an order dated April 21, 1970, we remanded the case for further hearing on allegedly newly-discovered evidence, no jurisdiction being retained. The Supreme Court denied leave to appeal. Following the evidentiary hearing the trial court again entered summary judgment for defendants on March 28, 1972, from which plaintiff appeals.

Defendants are the owners of a parcel of land in Flint Township, Genesee County. The land is bounded by a railroad and a freeway on the north, Dye Road on the west, and plaintiff's land on the south. In April, 1956, application 107 requesting a rezoning of the property was filed by defendants' predecessor in title, accompanied by an ordinance-required petition of adjoining property owners, signed by, among others, plaintiff's predecessor in title. The application resulted in the enactment of § 4 of Ordinance No. 42, which is at the center of the present controversy, and which rezones the property in question from RSA-B residential suburban agricultural district, to "M-1, light manufacturing district, *restricted, however, to construction of and use as a warehouse for wholesale grocery purposes*". (Emphasis added.) The parcel is designated on the official township zoning map as: "M-1, O-42".

The Flint Township Zoning Ordinance is a pyramid type, permitting any use in a "lower" zoned district that is permitted in a "higher" zoned district. Thus, any use permitted in the General Commercial District is permitted in the Light Manufacturing District and, since trailer parks are specifically permitted in the former, one would assume they are permitted in the latter. However, plaintiff posits two principal objections to this assumption. The first objection is based on the restrictive clause of § 4, Ordinance 42, emphasized

above. The second is founded upon § 7, Ordinance 132, discussed below.

In March, 1968, Flint Township passed Ordinance No. 132 to incorporate site plan review procedures and regulations for manufacturing districts, § 7 of which related to Light Manufacturing Districts, and provided:

"A. Any use permitted in the General Commercial District, except for residential uses. No residential uses shall be permitted in this district."

During 1968, defendants proposed to erect a trailer park on their property and on February 19, 1969, applied to the township zoning board of appeals for an interpretation of Ordinance No. 132 as it applied to defendants' proposed trailer park, as well as requesting set-back and street-width variances. After three public hearings, the township board of appeals, on April 28, 1969, ruled that the ordinance did not prohibit trailer parks, trailer parks being commercial uses, and ordered the issuance of a building permit.

Plaintiff instituted this litigation on May 8, 1969, to restrain defendants from such use of the premises. Following the summary judgment against plaintiff, plaintiff failed to request a stay of proceedings, to seek a further injunction, or to offer to post bond, and defendants commenced and completed construction of the trailer park, an alleged expenditure of some $500,000.

As aforesaid, the case was appealed and then remanded for further hearing. The trial court entertained further pleadings, motions, and an evidentiary hearing concerning the validity and effect of Ordinance No. 132, and again entered a summary judgment for defendants, ruling that Ordinance No. 132 did not prohibit the construction of a mobile home park on the premises.

The trial court found as a matter of law that the restrictive portion of Ordinance No. 42, restricting the use of the property to wholesale grocery purposes, was invalid, but that the remainder of the ordinance rezoning the property to light manufacturing should be allowed to stand. Thus, the construction of the mobile home park was not in violation of the zoning ordinance. The trial court, granting the second motion for summary judgment for defendants, held that as a matter of law, Ordinance No. 132, even if valid, did not prohibit trailer parks in light commercial zoning districts, since trailer parks were classified as commercial uses within the meaning of the Flint Township Zoning Ordinance.

Thus, the plaintiff's position on appeal is that § 4 of Ordinance 42 is void *in toto,* that a rezoning did not occur, and that the property is therefore still zoned Residential Suburban Agriculture, forbidding a trailer park, and that § 7 of Ordinance No. 132, forbidding residential uses, forbids residential trailer park use. Defendants' position is that only the invalid surplusage of § 4 of Ordinance 42 is void; that the remaining portion effectively rezones their property to light manufacturing, thus permitting construction of a trailer park, and that § 7 of Ordinance No. 132, even if validly enacted, does not prohibit trailer parks which are classified as a commercial use. In addition, plaintiff proposes that § 4 of Ordinance No. 42 and § 7 of Ordinance No. 132, respectively, were never validly enacted as suits their respective positions.

To simplify and clarify our disposition of this case, we have consolidated and restated the determinative issues involved.

## I.

Does the inclusion of invalid surplus restrictive

language in a zoning amendment ordinance invalidate the entire amendatory ordinance?

Plaintiff contends that the trial court erred in granting summary judgment for defendants on the basis that a restrictive clause of Ordinance No. 42, § 4, was severable from the remainder of the ordinance and thus could be declared invalid without vitiating the entire ordinance.

Both parties concede that the portion of Ordinance 42, § 4, which provides that the property be "restricted, however, to construction of and use as a warehouse for wholesale grocery purposes" is an *ultra vires* and unlawful exercise of the legislative powers granted by The Township Rural Zoning Act, MCLA 125.271 *et seq.;* MSA 5.2963(1) *et seq.* In light of this mutual concession, we need only decide whether the unlawful language is severable from the remainder of the section rezoning the property to light commercial, or whether, on the other hand, the entire section is rendered void, no rezoning occurred, and the premises are subject to the prior residential-only zoning.

Plaintiff argues that the general principle related to the construction of both ordinances and statutes is that their intent should be discovered and given effect. Since that intent is unlawful in this case, Ordinance 42, § 4 must be declared void in its entirety. Thus, defendants' property is still zoned residential and the mobile home park is prohibited. We decline to adopt plaintiff's argument for two reasons.

First, as defendants ably demonstrate, to invalidate Ordinance No. 42, § 4 entirely would be to further the unlawful purpose of that section. Clearly, the purpose of § 4 was to rezone the property to light manufacturing and, at the same time, to restrict its use to only one of those permissible in the light manufacturing district. Not only is this admittedly unlawful purpose furthered by

upholding the entire section, it is also furthered by voiding the entire section, since to do so is to limit the possible uses to those permitted in the residential district. The practical effect is precisely as defendants allege: either the landowner acquiesces in the unlawful restriction, or even the meager effect of the rezoning will be taken from him and he will be left subject to the even more severe restrictions than the unlawful one. To avoid this dilemma, this Court needs simply to uphold the first clause of § 4, which rezones the property from residential to light manufacturing, and to declare void the second clause, which restricts the use of the property to a grocery warehouse.

Second, as correctly indicated by the trial court in its first opinion, the portion of the ordinance held valid may be enforced if it constitutes, in itself, a complete enactment. *Melconian v Grand Rapids,* 218 Mich 397; 188 NW 521 (1922). In the case of *Eastwood Park Amusement Co v Mayor of East Detroit,* 325 Mich 60, 72; 38 NW2d 77, 81 (1949), it was stated:

"It is the law of this state that if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance be permitted to stand."

The language of the Flint Township Zoning Ordinance itself supports this conclusion:

" * * * if any part, section, sub-section, provision, sentence or clause is adjudged unconstitutional or invalid, it is hereby declared that the remainder of this Ordinance shall not be affected thereby." § 19.01.

Similarly, the construction of state statutes supports this position, providing:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable." MCLA 8.5; MSA 2.216.

For these reasons we conclude that the trial court did not err in treating the restrictive clause of Ordinance 42, § 4 as invalid surplusage and upholding the first clause of the section.

## II.

Where a zoning ordinance provides *inter alia* that automobile trailers shall not be used as dwellings except when located in and as part of trailer camps or tourist cabin business enterprises, which uses are specifically allowed in the general commercial district, is a trailer park a "residential use" prohibited within a light manufacturing district?

Having concluded that defendants' property is zoned light manufacturing, the question now becomes whether the operation of a trailer park is a permissible use within that district.

As noted above, the Flint Township Zoning Ordinance is a pyramid type. Thus, any use permitted in the General Commercial District is allowed in the Light Manufacturing District. Since mobile home parks are permitted in the former, they would necessarily be allowed in the latter. Plaintiff contends, however, that Ordinance No. 132, § 7 renders this tidy syllogism inapplicable to the case before us. Section 7 provides that light manufacturing zoning districts permit:

"A. Any use permitted the General Commercial District, *except for residential uses. No residential uses shall be permitted in this district.*" (Emphasis added.)

Plaintiff urges that the operation of a mobile home park is a "residential use" and thus expressly prohibited in the Light Manufacturing District.

The primary flaw in plaintiff's contention is that the township board of appeals, after three public hearings, ruled that § 7 does not prohibit trailer parks in Light Manufacturing Districts because such parks are commercial, not residential, uses. The board has the statutory power and duty to decide questions arising in the administration of the zoning ordinance. See MCLA 125.290; MSA 5.2963(20). Plaintiff's failure to appeal from the board's initial determination certainly renders this belated challenge tenuous. Particularly is this true in light of defendants' expenditures in developing and filling the park in reliance upon the board's decision.

The trial court did not err in holding that, within the context and meaning of the Flint Township Zoning Ordinance, the trailer park is to be considered a commercial rather than a residential use and, hence, not prohibited in the Light Manufacturing District by § 7 of Ordinance No. 132.

Plaintiff's remaining contentions, having been carefully considered, do not affect the result and are of insufficient significance to warrant discussion here.

Affirmed.

All concurred.